UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLEN RUSH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,

    Defendant.

NO. C19-0985RSL

ORDER DENYING MOTION FOR REMAND

This matter comes before the Court on plaintiff's "Motion for Remand." Dkt. # 12. Plaintiff filed this lawsuit in state court, alleging that she was subjected to severe and discriminatory practices in employment due to her race, gender, and disabilities. She seeks recovery of damages and attorney's fees under the Washington Law Against Discrimination and has asserted claims of wrongful discharge and negligent infliction of emotional distress. Defendant timely removed the case to federal court, providing evidence of plaintiff's monthly wages and the last day of her employment with defendant. Dkt. # 1-2 at ¶ 8.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court. See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g.,

ORDER DENYING MOTION FOR REMAND

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Federal courts have jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity is undisputed in this case. The parties do not agree, however, on the amount in controversy. Defendant, as the party seeking federal jurisdiction, has the burden of coming forward with facts showing, by a preponderance of the evidence, that plaintiffs' claim is worth more than $75,000. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 703 (9th Cir. 2007). Plaintiff argues that defendant has "improperly cobbled together language from the Complaint's Prayer for Relief" as its sole basis for arguing that the jurisdictional amount is satisfied. Dkt. # 12 at 4. Plaintiff ignores the evidence defendant provided showing that plaintiff's lost wage claim exceeded $51,000 at the time of removal, as calculated by multiplying her monthly pay by the number of months since her termination. Given that it would likely take at least a year from the date of removal to get to trial[1] and that plaintiff has asserted claims for attorney's fees and emotional distress damages, it is more likely than not that the amount in controversy in this case exceeds $75,000.

For all of the foregoing reasons, the Court finds that the information in the record shows, on a more likely than not basis, that the amount in controversy is sufficient to warrant federal jurisdiction over plaintiff's claims. Plaintiff's motion for remand and the related request for attorney's fees are, therefore, DENIED.

---

[1] In fact, trial is now scheduled for September 2020, more than fourteen months after removal. Dkt. # 18.

ORDER DENYING MOTION FOR REMAND -2-

1     DATED this 27th day of August, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR REMAND    -3-