**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                          (206) 370-8810

October 31, 2019

| | |
|---|---|
| Thaddeus P. Martin | Maggie Diefenbach |
| Law Offices of Thaddeus P. Martin | Gordon Thomas Honeywell (SEA) |
| 3015 Bridgeport Way W | 600 University Street, Suite 2915 |
| University Place, WA | Seattle, WA 98101 |

**Delivered Via CM/ECF**

RE: Rush v. Victoria's Secret Stores, LLC, C19-0985RSL
Stipulated Protective Order

Dear Counsel:

On October 30, 2019, the Court received your proposed "Stipulated Protective Order." Dkt. # 22.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that are likely to be confidential, such as "personal medical documents." The order also purports to cover exceptionally broad categories of documents, however, such as "business polices," "sales data," and "training documents."

These materials may or may not have been kept in confidence and may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiency identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge